# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS POWERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 03-cv-0670-MJR |
| | ) |
| DANNY JAIMET, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Christopher Lekas, an inmate currently incarcerated at Dixon Correctional Center, was a witness, via video feed from the prison, in the trial of this action on March 18, 2008. Lekas seeks witness fees based on ***Demarest v. Manspeaker*, 498 U.S. 184 (1991)**. There, the Supreme Court held that a prisoner testifying at a federal trial is entitled to witness fees pursuant to 28 U.S.C. § 1821. *Demarest,* **498 U.S. at 190-91**.

Subsequent to the Supreme Court's decision, Congress amended 28 U.S.C. § 1821. Pursuant to the **Incarcerated Witness Fees Act of 1991, Pub.L. 102-417, 106 Stat. 2138**, a witness who is incarcerated at the time he testifies may not receive witness fees. "Any witness who is incarcerated at the time that his or her testimony is given ... may not receive fees or allowances under this section, regardless of whether such a witness is incarcerated at the time he or she makes a claim for fees or allowances under this section." **28 U.S.C. § 1821(f) (1992)**. "The legislative history behind this amendment, which became effective October 14, 1992, indicates that its purpose is to avoid payment of witness fees to those who, by virtue of their incarceration, already have their expenses paid by the taxpayer." *U.S. v. Raineri,* **53 F.3d 327 (1st Cir. 1995) (citing H.R. Rep. No.**

1

**194, 102d Cong., 2d Sess. 2 (1991), reprinted in 1992 U.S.C.C.A.N. 1465, 1466)**.

As stated succinctly by the Seventh Circuit in the context of a federal prisoner seeking witness fees, "It is hardly irrational to deny fees and allowances to prisoner witnesses. Their time is the government's. If the government decides that some of it shall be spent in the witness box, they are no more entitled to compensation than they are entitled to be compensated for time spent cooling their heels in a prison cell." *Moran v. U.S.,* **18 F.3d 412, 413 (7th Cir. 1994)**.

For these reasons, Lekas is not entitled to witness fees, and his motion (Doc. 162) is **DENIED**. The Clerk of Court is **DIRECTED** to mail a paper copy of this Order to Christopher Lekas, #A-91433, Dixon Correctional Center, 2600 N. Brinton Ave., Dixon, IL 61021

**IT IS SO ORDERED.**

**DATED this 7th day of May, 2008**

                                **s/Michael J. Reagan**
                                **MICHAEL J. REAGAN**
                                **United States District Judge**